R. A. L. COLBY *vs.* J. W. WHITE COMPANY.

Androscoggin.    Opinion April 1, 1916.

*Negligently Leaving Property in Unsafe and Dangerous Condition for Travelers.*

The superintendent of a factory directed a crate to be placed against the building in such a position that it could be blown over by the wind. It was blown over in the morning, and an employee lifted it up against the building again, leaving it to get nails and a hammer to secure it. The superintendent about that time came to the factory, and, though the wind was blowing heavily, he took no precautions to secure the crate and protect passers-by. Held, that he was guilty of negligence chargeable to, the owner of the factory.

Action on the case to recover damages for personal injuries sustained by plaintiff through the alleged negligence of the defendant. Plea, general issue. Verdict for plaintiff. Motion for new trial filed by defendant. Motion overruled.

Case stated in opinion.

*McGillicuddy & Morey,* for plaintiff.

*John A. Morrill,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHILBROOK, JJ.

HALEY, J. This is an action on the case to recover damages for personal injuries. The verdict was for the plaintiff for $1504.16, and the case is before this court on a motion for a new trial. The defendant corporation is a manufacturer of windows, doors, blinds, etc., and its building where the accident described in the writ took place is situated on Main street, at the end of the North Bridge, so called, and on the right hand side of Main street going from Auburn into Lewiston. There is a platform about six feet wide, measured from the inside of the sidewalk to the building. The sidewalk extends from the bridge along the right hand side of Main street to Lisbon street, over which sidewalk there is a large amount of travel. The defendant was in the habit of receiving large plates of glass, crated, and standing the crates on the platform near to the building until the glass had been removed, and some time afterwards removed the empty crates to some place for storage. On the night of May 26th, 1915, and on the night before, the defendant left standing, leaning against the building two crates of glass, and leaning against them an empty crate from which the glass had been removed. The empty crate was sixty inches wide by eighty-three inches long and weighed between one hundred and forty and one hundred and fifty pounds. It was so placed that if it fell over it would fall upon the sidewalk for a distance of about three or four feet. The plaintiff was a man thirty-four years of age and resided in Auburn, and at the time of the accident, (May 27th), was working for the New England Telephone and Telegraph Company, and had been so employed for three and a half years prior thereto. At about 6.30 o'clock on the morning of the accident there was a strong wind, blowing with sufficient force to throw the empty crate down on the sidewalk, and just before seven o'clock one of the employees of the defendant, who was a glazier on his way to work, discovered the crate across the sidewalk, and, with the assistance of another man who was passing, placed the crate in the same place and position that it was before it fell, and went into the shop to get a hammer, nails and a piece of wood to fasten the crate so that it would not again blow over. While Mr. Goss, the employee who set up the crate from the sidewalk as above, was in the shop, Mr. Gammon, the superintendent of the defendant company, who, in the absence of Mr. White, had full authority in and around the

premises and who the night before, with the assistance of some of the men, placed the empty crate on the platform in the same position that it was before it had blown over, came to work, and, passing the crate standing as he left it the night before, went into the shop and took off his coat when he heard a noise and looking out of the window saw the box down on the sidewalk, during which time the plaintiff passed along on the sidewalk on his way to work and the box fell, by reason of the strong wind, off the platform on to the plaintiff and crushed him to the ground and he received the injuries for which this action is brought.

The testimony of the witnesses as to the occurrence of the accident, and as to the facts which caused the accident, are uncontroverted. It is claimed by the defendant that Mr. Goss, the employee of the defendant, when he removed the crate from the sidewalk and set it on the platform where Mr. Gammon, the superintendent, had left it the night before, was not acting within the scope of his employment, that he was a mere volunteer, and for his negligence in leaving the crate in the dangerous position in which it was, the defendant is not liable. It is not necessary in ruling upon the motion, to determine whether the employee Goss was a servant of the defendant or a volunteer, as the evidence clearly shows the liability of the defendant, even if he was a volunteer.

That the empty crate was placed in an unsafe position and was liable to fall upon the sidewalk and injure travelers passing along the sidewalk is too plain for argument. The plaintiff was lawfully passing along the sidewalk and was injured by the crate falling from the platform to the sidewalk. It is true that the crate had fallen a short time before this accident and had been replaced in the same place and in the same position that it was left by Mr. Gammon, the superintendent, the night before. A few minues before it fell upon the plaintiff Mr. Gammon passed it and went into the office of the company. It was then in the same dangerous position that he had left it. The wind had increased, and it was blowing so hard that it could and did blow it over; seeing it there in that high wind and unsafe position he left it there and went to the office to remove his rain coat. He should have known that there was danger of its falling. It was his duty, representing the defendant and exercising the care of an ordinary prudent person, to have removed it or

placed it in a position that it would not fall upon innocent passersby. He thought it was in the same situation that he had created when he placed it there not securely fastened. Even the employee Goss went for a hammer, nails and a board to nail it so that it would be safe. The situation was such that Goss knew that it was not safe, and the jury were justified, from the admitted facts, in finding that the defendant's superintendent, in the exercise of due care, should have known that the crate was not securely placed upon the platform, was in such position with the wind blowing as it was, that there was danger of its falling upon people using the sidewalk, and that it was his duty to have placed it in a safe position by laying it flat upon the platform until it could have been securely fastened, or removed from the platform, and when he went to the office of the company leaving it in that position, with no one to guard it, or to warn the passersby, he did not exercise due care, and if he had done so, the accident would not have happened.

*Motion overruled.*